IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN A. CAMPBELL,<br><br>     Plaintiff,<br><br><br><br><br><br><br><br><br>          vs.<br><br><br>S.S. ADMINISTRATION EGG HARBOR, N.J.,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF AN ATTORNEY AND DISMISSING COMPLAINT<br><br><br><br><br><br>Case No. 2:06-CV-764 TS |

This matter is before the Court for review of the Complaint. Plaintiff John Campbell (Campbell) is proceeding *pro se* and *in forma pauperis*. He moves for official service of process[1] and to appoint counsel.[2] Because Campbell was granted permission to proceed

----

[1] Docket No. 5.

[2] Docket No. 4.

*in forma pauperis*, the provisions of the *in forma pauperis* statute, § 1915,[3] are applicable. Under §1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[4]   A claim is frivolous if it "lacks an arguable basis either in law or in fact."[5]   The Court reviews the Complaint to determine if it is sufficient to state a claim upon which relief can be granted.  In construing the Complaint, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff"[6] and will not dismiss a Complaint for failure to state a claim "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7] But "conclusory allegations without supporting factual averments are" not sufficient.[8]

Because Campbell proceeds *pro se,* the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[9]  This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

---

[3]28 U.S.C. § 1915.

[4]28 U.S.C. § 1915(e)(2).

[5]*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[6]*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[7]*Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[8]*Id.* at 1110.

[9]*Id*.

construction, or his unfamiliarity with pleading requirements." [10]   No special legal training is required to recount facts surrounding an alleged injury, and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[11]

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[12]   Thus, "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[13] and the Court should dismiss the claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[14]

Construing the Complaint in accord with these principles, the Court finds that it fails to state a claim for relief.  Pursuant to § 1983, Campbell brings a claim against the Social Security Administration for violation of his civil rights.  He does not specify the constitutional right he claims was violated.   Construing the Complaint liberally, it appears that he is alleging that the Social Security Administration is reviewing his case and has referred him to a psychiatrist.[15]   He alleges that the Social Security Administration previously raised the same issue in 2005, and at another unspecified time.  He alleges that this causes him a

---

[10]*Id.*

[11]*Id.*

[12]*Id.* (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

[13]*Id.* at 1110 n. 3.

[14]*Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[15]Complaint, at 2 and 3.

problem and that the Social Security Administration is bothering him about potentially "cutting off" his check.

In order to state a claim under § 1983 a plaintiff must allege '(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State."[16]

In this case, Campbell does not allege the violation of any constitutional right or that a person acted under color of state law.  It is not necessary that Campbell accurately cite or even formally identify the constitutional right at issue, so long as his factual allegations can be reasonably read to state a valid claim.[17]  Viewing the Complaint liberally, reviewing a social security case and referring a social security claimant to a health care provider for review does not state a claim for a violation of a constitutionally protected right, even if, as Campbell alleges, this was the third such request.

Further, the social security laws and regulations are federal laws.  Thus, persons dealing with social security claims are ordinarily acting under federal law.  "Such a claim is beyond the scope of Section 1983."[18]  Thus, Campbell fails to state a claim under §1983.

---

[16]*Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quoting *Summum v. City of Ogden,* 297 F.3d 995, 1000 (10th Cir. 2002)).

[17]*Lattimore v. RKK Enters. Inc.*, 91 F.3d 159 (10th Cir. 1996) (citing *Hall*, 935 F.2d at 1110.

[18]*Chatman v. Hernandez*, 805 F.2d 453, 455 (1st Cir. 1986) ("Section 1983 applies to persons acting 'under color of state law' and not to persons acting pursuant to federal law.").

Because Campbell's claim appears to be that the Social Security Administration is reviewing his claim, the Court has reviewed the Complaint to determine if its states a *Bivens*-type claim for violation of a constitutional right by a person acting under federal law.[19]   As discussed above, the allegations do not state a claim for a violation of constitutional right.

The Court has also reviewed the Complaint to determine if it states a claim for an appeal of a determination by the Social Security Commissioner.  The Court finds that it does not.   In order for this Court to review any decision by the Social Security Administration, a claimant must show that (1) he has presented that claim to the Social Security Administration; (2) that he has exhausted his administrative remedies; and (3) that there is a final decision by the Social Security Administration.[20]  Because Plaintiff has failed to allege a colorable constitutional claim,[21] or an actual decision by the Social Security Administration,[22] Campbell has not shown that the exhaustion requirement should be waived.

---

[19]*Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971).

[20]*Mathews v. Eldridge*, 424 U.S. 319 (1976).

[21]*Marshall v. Shalala*, 5 F.3d 453, 454 (finding no error in trial court's denial of request to waive exhaustion requirement where the plaintiff did not show a "colorable constitutional claim that is collateral to . . . substantive claim of entitlement to social security") (citing *Mathews*, 424 U.S. at 330-32).

[22]*See McGrath v. Weinberger*, 541 F.2d 249,  (10th Cir. 1976) (allowing case to proceed without exhaustion where there was a decision terminating benefits and a colorable constitutional claim).

In other words, if a person thinks that the Social Security Administration has made a wrong decision involving his benefits, he should present that argument directly to the Social Security Administration and then follow all of their procedures for obtaining a final decision on the matter, including any appeals that are available within the social security process.

Plaintiff having failed to state any claim upon which relief can be granted, it is therefore

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 5) is DENIED. It is further

ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 4) is DENIED.  It is further

ORDERED that pursuant to 28 U.S.C. § 1915, the Complaint is DISMISSED for the failure to state a claim.   The clerk of court is directed to close this case.

September 20, 2006.

BY THE COURT:

_____

Ted Stewart
United States District Judge

6